IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG LENELL,<br>THOMAS URBANEK, and<br>JARED PELA<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANCED MINING TECHNOLOGY, INC.,<br>JOSHUA ZIPKIN, and<br>JIM BROWN<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br><br>2:14-cv-01924-LDD |

# O R D E R

AND NOW, this ____ day of _____ 2014, upon consideration of the Plaintiffs' Motion for Class Certification, Defendants' opposition thereto, it is hereby **ORDERED** that Plaintiffs' Motion is **DENIED**, and it is

**FURTHER ORDERED** that any further motions or other proceedings relating to certifying a class in the above-captioned action shall be stayed until the Court issues a scheduling order pursuant to L.R. 23.1(c).

It is so **ORDERED**.

_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

13861232v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG LENELL,<br>THOMAS URBANEK, and<br>JARED PELA<br><br>      Plaintiffs,<br><br>v.<br><br>ADVANCED MINING TECHNOLOGY, INC.,<br>JOSHUA ZIPKIN, and<br>JIM BROWN<br><br>      Defendants. | CIVIL ACTION<br><br>2:14-cv-01924-LDD |

## **DEFENDANTS' OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

  Defendants Advanced Mining Technologies, Inc., Joshua Zipkin and Jim Brown, by and through their undersigned attorneys, White and Williams LLP, hereby submit their opposition to Plaintiffs' Motion for Class Certification and respectfully request that the Court deny Plaintiffs' Motion for the reasons set forth in their accompanying Memorandum of Law. A proposed form of order granting this relief is attached hereto.

                 Respectfully submitted,

                 WHITE AND WILLIAMS LLP

            BY: s/Primitivo J. Cruz
                Michael N. Onufrak
                Primitivo J. Cruz
                1650 Market Street | One Liberty Place,
                Suite 1800 |
                Philadelphia, PA  19103-7395
                Phone: 215.864.7174/6865
                Attorneys for Defendants

Dated: June 16, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CRAIG LENELL, THOMAS URBANEK, and JARED PELA | : CIVIL ACTION |
|---|---|
| Plaintiffs, | : 2:14-cv-01924-LDD |
| v. | : |
| ADVANCED MINING TECHNOLOGY, INC., JOSHUA ZIPKIN, and JIM BROWN | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**I.   PRELIMINARY STATEMENT**

Plaintiffs' Motion for Class Certification is premature and fails to comport with the procedure outlined by the Local Rules of Civil Procedure for the Eastern District, and thus, should be denied. Local Rule 23.1 provides that all proceedings relating to class certification, including the filing of the motion itself, shall proceed according to a scheduling order issued by the Court. Plaintiffs preemptively filed their Motion for Class Certification before this Court could issue its scheduling order, and in fact, did so before Defendants appeared or had opportunity to respond to the Complaint. Plaintiffs fail to provide adequate and meaningful evidence in support of the Motion. Plaintiffs have has not carried their burden to demonstrate that the putative class meets the commonality, typicality, numerosity and adequacy elements of Rule 23(a), and the facts as alleged in Plaintiffs' Complaint and Motion fail to satisfy any element of Rule 23(b).

Further, Defendants have moved to dismiss Plaintiffs' Complaint for want of subject matter jurisdiction over this case, which motion is currently pending. Accordingly, Defendants

ask that this Court deny Plaintiffs' Motion for Class Certification pending a determination on the Motion to Dismiss, and if necessary, issue a Rule 23.1(c) Order establishing procedures for the parties to seek or oppose class certification pursuant to Local Rules.

## II. ARGUMENT

### A. Legal Standard

Before a court may certify a class, plaintiff must satisfy the four requirements of Federal Rule of Civil Procedure 23(a): (1) the class is sufficiently numerous such that joinder is impracticable; (2) there exist common questions of law or fact; (3) the claims of the class representative are typical of the claims of all class members; and (4) the class representative will fairly and adequately represent the class. Fed. R. Civ. P. 23(a); Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 186 (3d Cir. 2001); see also In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 32 (2d Cir. 2006); Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 676 (7th Cir. 2001). If those prerequisites are met, a class action may be maintained if: (1) the prosecution of separate actions by the individual class members would create the risk of inconsistent results or be dispositive of the interest of the other members not parties; (2) the defendant has acted in a fashion generally applicable to the class; (3) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (4) the class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).

Certification of a class "requires a thorough examination of the factual and legal allegations." Newtown, 259 F.3d at 166 (citations omitted). The law places the burden of establishing each element necessary for a class action on the party seeking class certification. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Newton, 259 F.3d at 166; Szabo, 249 F.3d at 676.

13861232v.1

As the issues raised by class certification are always "enmeshed in the factual and legal issues comprising the plaintiff's causes of action," a court must probe behind the pleadings to determine whether the requirements for class certification are met. General Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). "[B]ecause the determination of a certification request invariably involves some examination of factual and legal issues underlying the plaintiff's cause of action, a court may consider the substantive elements of the plaintiff's case ...." Newton, 259 F.3d at 166.

### B. This Court lacks Subject Matter Jurisdiction to Hear this Case

The Court should deny Plaintiffs' Motion for Class Certification because the Court lacks subject matter jurisdiction over the Plaintiffs' case under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d). No Court can act without subject matter jurisdiction. 1 Moore's Manual: Federal Practice & Procedure § 502[1] (stating "[t]he subject matter jurisdiction of the court must be established as a threshold matter, this requirement is inflexible and without exception"). CAFA grants federal courts original jurisdiction over actions in which: (1) the matter constitutes a "class action"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; (3) CAFA's minimal diversity requirements are met; and (4) there are at least 100 members of the putative class. 28 U.S.C. § 1332(d)(2), (d)(5)(B). Further, CAFA requires that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." See Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009); 28 U.S.C. § 1332(d)(6).

Defendants' have filed a Motion to Dismiss pursuant to Rule 12(b)(1) to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction on the grounds Plaintiffs' cannot satisfy CAFA's requirements under any factual scenario. See Defs. Motion to Dismiss, Lenell et

13861232v.1

al. v. Advanced Mining Technology, Inc. et al., No. 14-cv-0192, (E.D.Pa. June 16, 2014), ECF No. 12. In support of their motion Defendants' submitted a Declaration from AMT's CEO, Joshua Zipkin, and summaries of AMT's customer data that establish that there is no circumstance in which the amount in controversy is equal to or greater than $ 5,000,000.00. See id. at Parts III.B.1-4, Ex. A, Ex. 2. Because there is no subject matter jurisdiction, Plaintiffs' motion to certify a class should be denied and their Complaint should be dismissed. At the very least, the class certification motion should be stayed until the Court rules on the jurisdictional issue and Defendants file an Answer to Plaintiffs' Complaint.

### C. Any proceedings seeking or opposing class certification should take place according to Rule 23.1(c) of the Local Rules of Civil Procedure for the Eastern District.

In the event Defendants' Motion is denied, any attempt to certify a class in this case should proceed under Local Rule 23.1(c) after the Court issues an appropriate scheduling order and Defendants have had an opportunity to file an Answer. Rule 23.1(c) provides:

> As early as practicable, and after considering the views of counsel, the Court shall issue an order scheduling all proceedings relating to the filing of the motion for class certification including, but not limited to, class and related merits fact discovery, expert witness discovery, the filing of the motion for class certification and responses, and, if warranted, the convening of any hearing on the class certification motion.

L.R. 23.1(c). Further, Local Rule 23.1(c) contemplates that this procedure shall occur after pleadings have closed. See L.R. 23.1(d) ("The foregoing provisions shall apply, with appropriate adaptations, to any counterclaim or crossclaim alleged to be brought for or against a class.").

Plaintiffs' preemptively filed their Motion for Class Certification before this Court issued an order pursuant to Local rule 23.1(c). This local rule explicitly contemplates that such proceedings will be governed in an orderly manner established by the Court's scheduling Order

and after considering the views of counsel for all parties. Here, however, Plaintiffs have not allowed for the issuance of such Order, by filing their motion before Defendants had appeared in this matter, let alone responded to the allegations in the Complaint. Accordingly, Plaintiffs' Motion should be denied, and any further proceedings regarding class certification should not proceed until after the Court has an opportunity to consider the views of counsel for all parties and issue its Rule 23.1(c) Order.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Motion for Class Certification be denied and that all future proceedings relating to class certification be held in abeyance until the Court issues an Order pursuant to Local Rule 23.1(c).

WHITE AND WILLIAMS LLP

BY:   s/Primitivo J. Cruz
Michael N. Onufrak
Primitivo J. Cruz
1650 Market Street | One Liberty Place,
Suite 1800 |
Philadelphia, PA  19103-7395
Phone: 215.864.7174/6865
Attorneys for Defendants

Dated: June 16, 2014

13861232v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG LENELL,<br>THOMAS URBANEK, and<br>JARED PELA<br>          Plaintiffs,<br><br>v.<br><br>ADVANCED MINING TECHNOLOGY, INC.,<br>JOSHUA ZIPKIN, and<br>JIM BROWN<br>          Defendants. | CIVIL ACTION<br><br>2:14-cv-01924-LDD |

## CERTIFICATE OF SERVICE

I, Primitivo J. Cruz, Esquire, hereby certify that I have served a copy of the foregoing Defendants' Opposition to Motion for Class Certification via electronic filing and/or first class mail on this 16th day of June, 2014.

Kimberly Donaldson Smith, Esquire
Benjamin F. Johns, Esquire
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041

WHITE AND WILLIAMS LLP

_s/Primitivo J. Cruz_____
Michael N. Onufrak
Primitivo J. Cruz
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
215.864.7174/6865
Attorney for Defendants

13861232v.1