IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG LENELL, et al. | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED MINING TECHNOLOGY, | : | No. 14-cv-01924 |
| INC., et al., | : | |
|     Defendants. | : | |

<u>ORDER</u>

AND NOW, this 23rd day of June 2014, upon consideration of Plaintiff's Motion to Certify Class (Doc. No. 3) and Defendants' response thereto (Doc. No. 13), it is hereby ORDERED that the motion is DENIED.[1]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] Plaintiffs filed a motion for class certification before effectuating service of the Complaint upon Defendants. (<u>Compare</u> Doc. No. 3, <u>with</u> Doc. Nos. 4-6.) Plaintiffs' motion makes conclusory arguments about how Plaintiffs have satisfied the requirements to certify a class under Federal Rule of Civil Procedure 23. (<u>See</u> Doc. No. 3-2, at 6-7.) Plaintiffs state that their main purpose in filing this motion is to ensure that named Plaintiffs are not "pick[ed] off" by Defendants via settlement offers. (<u>Id.</u> at 2-3.) These conclusory arguments do not persuade us that Plaintiffs are entitled to have their motion held in "continuance" as they request. (Doc. No. 3-1, at 1.) Our decision is buttressed by Local Rule 23.1(c), which provides that class certification documents shall be filed in accordance with a scheduling order, and the Third Circuit's disapproval of premature class certifications, <u>cf.</u> <u>Landsman & Funk PC v. Skinder-Strauss Assocs.</u>, 640 F.3d 72, 93 (3d Cir. 2011), <u>opinion reinstated in part</u>, No. 09-3105, 2012 WL 2052685, at *1 (3d Cir. Apr. 17, 2012) ("When the District Courts decided the class certification issue, there had been no motion for class certification and no discovery; whether the class could potentially fit within Rule 23 was determined on a motion to dismiss. This ruling was premature. To determine if the requirements of Rule 23 have been satisfied, a district court must conduct a rigorous analysis." (quotation marks omitted)).

1