IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG LENELL, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | 2:14-cv-01924-LDD |
| | : | |
| v. | : | |
| | : | FILED |
| ADVANCED MINING TECHNOLOGY, INC., | : | |
| et al. | : | OCT - 6 2014 |
| | : | |
| Defendants. | : | MICHAEL E. KUNZ, Clerk |
| | : | By_____Dep. Clerk |

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
## REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

Plaintiffs Craig Lenell, Thomas Urbanek, Jared Pela, Timothy Christian, John Lewis and

Phillip Wiltshire, and defendants Advanced Mining Technologies, Inc., Joshua Zipkin and Jim

Brown (collectively hereinafter "the Parties"), by and through their undersigned counsel, agree to

enter into this confidentiality stipulation and seek entry of this Stipulated Protective Order ("the

Order") to govern the production of documents and testimony the above-captioned action (the

"Action") which contain Confidential Information:

WHEREAS, this Action was commenced by Plaintiffs alleging, among other things, that

Defendants are in breach of contract and breached various common law and statutory duties

surrounding certain transactions that Plaintiffs entered into with defendant Advanced Mining

Technologies, Inc. ("AMT");

WHEREAS, the Parties recognize that the discovery sought in this Action will likely

require the production of documents and things and witness testimony containing or disclosing

competitive, proprietary, trade secret and/or other information, including, but not limited to,

financial information, product information, customer lists, customer information, or personnel

information of Defendants (collectively hereinafter "Confidential Information"). Confidential

Information shall not include information that: (a) is or becomes generally available to the

public other than as a result of disclosure by the receiving Parties or their agents or

representatives or other person subject to a duty to keep such information confidential; (b) was available to the receiving Parties, or their agents or representatives on a non-confidential basis prior to its disclosure by other Party; (c) becomes available to a Party or their agents or representatives on a non-confidential basis from another person or legal or business entity, provided that the information is not subject to a confidentiality agreement between Defendants and such other person or legal or business entity; or (d) is deemed not confidential by Court order;

WHEREAS, the Parties acknowledge that this Confidential Information has competitive value to AMT which requires Defendants to maintain this information in confidence and may also contain sensitive information related to Plaintiffs or other persons that must similarly be kept confidential, and the Parties receiving such Confidential Information recognize their duty to maintain this information in confidence throughout the proceedings in this Action, and following the termination of this Action;

WHEREAS, the Parties represent that, under the standard set forth in Pansy v. Borough of Stroudsburg, 23 F. 3d 772 (3d Cir. 1994), the material subject to this Order is reasonably believed to be confidential and a protective order is necessary and appropriate;

WHEREAS, in order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, the Parties seek the Court's approval of their agreement and respectfully request that the Court enter this Order to govern the production of documents and testimony that contain Confidential Information as follows;

IT IS HEREBY AGREED, by and between the Parties through their respective counsel, that this Stipulated Protective Order shall govern the handling of Confidential Information contained in or derived from discovery, discovery requests, documents, depositions, deposition transcripts and recordings and exhibits, interrogatory responses, admissions, and responses to

-2-

14353437v.1

requests for production and any information produced (collectively "Discovery Material") that may be served, filed, given or exchanged from any other Party.

AND NOW, this _____ day of _____, 2014, upon consideration of the Parties stipulation and agreement hereto, and for good cause shown, the Court ORDERS the following:

1.      For purposes of this Stipulated Protective Order, "Party" shall mean (a) Craig Lenell, Thomas Urbanek, Jared Pela, Timothy Christian, John Lewis and Phillip Wiltshire and/or (b) Defendants Advanced Mining Technologies, Inc., Joshua Zipkin and Jim Brown. This Stipulated Protective Order shall also apply to any third party to this Action who discloses or produces Confidential Information in this case and such third parties shall be provided a copy of this Order  and agree in writing to the confidentiality and use limitations herein and execute the Acknowledgement attached hereto as Exhibit A.

2.      Confidential Information subject to this Order shall include, but not be limited to, non-public information, materials or documents containing trade secrets, personal identifying information, proprietary information, financial information, product information, customer lists, customer information, or personnel information that disclosure of which the designating party believes, in good faith, would cause significant harm to the commercial, financial, personal or business interests of the producing Party or any other Party or person, or would otherwise create an undue risk of injury to the producing Party or another Party or person that would not exist in the absence of such disclosure.

3.      A Party producing Discovery Material containing Confidential Information may designate such materials as "CONFIDENTIAL". In this manner, the Confidential Information may be produced to counsel for the Parties, without redaction, but with the "CONFIDENTIAL" designation. The Party producing the Confidential Information may invoke the protection of this Order in good faith with respect to any Discovery Material as follows:

-3-

(a)     Confidential Information comprising documents and things produced by a producing Party—Such documents and things, when produced, shall bear the clear and legible legend "CONFIDENTIAL" on each page of a paper document or on the thing being produced, or on the medium (*e.g.*, a disk or thumb drive) for a computer file being produced in native format.

(b)     Confidential Information comprising written discovery requests or responses served by a producing Party—Such requests or responses shall bear the clear and legible legend "CONFIDENTIAL" on its first page and on each other page containing the specific information therein being so designated.

(c)     Confidential Information comprising deposition or hearing testimony or transcripts or recordings thereof—A producing Party may invoke the protection of this Order by declaring the same on the record at the deposition/hearing and/or designating specific pages as "CONFIDENTIAL" by serving such designations within thirty (30) days of receipt of the transcript or recording of the testimony. All transcripts and recordings shall be treated as CONFIDENTIAL for the thirty (30) day period following receipt of the transcript.

(d)     Confidential Information contained within documents, things, discovery requests, or discovery responses served by a Party: If such material is not designated, a Party may so designate it by written notice to all other Parties, in which case the Party who produced the Confidential Material shall timely provide substitute copies as provided above.

4.     All information designated "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed or made available only to the persons specified below and to no others:

(a)     The Court presiding over this matter and its personnel; provided that, if the Discovery Material is Confidential Information of another and is intended for publicly-accessible filing, it be accompanied by a motion for the Court to maintain the Confidential Information within the filing under seal;

(b)     To court reporters transcribing a deposition, hearing, or other proceeding in this matter;

-4-

(c)     Counsel to the Parties including persons regularly employed by, and working under the supervision of, such counsel, including persons providing outside copying, graphic, design, and computer services for them under contract, who have a need to use the designated information to perform their duties in connection with this Action;

(d)     Outside experts and/or advisors consulted by the Parties' counsel in connection with this litigation, whether or not retained to testify at trial provided, however, that prior to the disclosure to such person of any Confidential Information, counsel for the Party proposing to make such disclosure shall advise the person of the terms of this Order and such person shall agree in writing to the confidentiality and use limitations herein and execute the Acknowledgement attached hereto as Exhibit A. Counsel shall be responsible for retaining executed certificates;

(e)     Any person who, from the face of the document, appears to have had access to document or the information in the document, or has previously seen it (*e.g.*, authors, addressees or other recipients); and

(f)     Any other person only upon order of the Court, or upon the consent of the Producing Party in writing, or on the record in a transcribed proceeding.

5.     Persons receiving Confidential Information shall use such material only for the purpose of preparing for and conducting litigation relating to the claims, counterclaims, cross-claims or third-party claims filed at any time in this action, as the same may be amended or supplemented from time to time, and for no other purpose, and no person receiving any Confidential Information shall disclose such material to any person other than those permitted above.

6.     Nothing in this Order shall prevent a Party from disclosing its own Confidential Information which it produces to anyone, and nothing in this Order shall prevent the Party producing such materials from using its own Confidential Information for any purpose.

-5-

7.     The Parties shall maintain the Confidential Information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of the Confidential Information as is exercised by them with respect to their own private, confidential and/or proprietary information. The Confidential Information shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, summaries and abstractions shall be subject to the terms of this Protective Order, and labeled in the same manner as the designated material on which they are based.

8.     Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party to object to or to contest the alleged relevance or admissibility of the Confidential Information produced pursuant to this Protective Order. This Protective Order does not abridge and is without prejudice to the rights of a Party to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything, based on any available legal grounds or objections.

9.     The provisions of this Protective Order shall survive the dismissal of any Party from this Action and/or the conclusion of this Action. Within ninety (90) days after final resolution of this Action, all copies of the Confidential Information shall either be returned to counsel for the producing Party or destroyed. Upon request of counsel for the producing Party, all counsel of record who received copies of the Confidential Information shall certify compliance herewith and shall deliver the same to the Producing party's counsel not more than ninety (90) days after the final conclusion of this Action.

10.    Nothing in this Protective Order shall be construed to prohibit or otherwise restrict the use or disclosure of the Confidential Information if, at the time of such use or disclosure: (a) the Court has ordered such use or disclosure; (b) the Parties have consented in writing to such use or disclosure or (c) the Confidential Information is being used or disclosed in the

-6-

14353437v.1

examination of a witness at a restricted, non-public deposition or hearing, the transcript of which shall also be designated as confidential at the request of counsel.

11.      Any party filing any Confidential Information as exhibits to motions before the Court, or filing motions, briefs, or other papers containing information derived from such documents, or otherwise, shall file such documents under seal with a legend stating "FILED UNDER SEAL PURSUANT TO COURT ORDER," in an envelope bearing the caption of the case, the identification of the documents, and the name of the party filing the sealed items. The envelope shall include a printed label stating:

> This envelope is sealed pursuant to Order of the Court and contains
> confidential documents and is not to be opened or the contents
> thereof to be displayed or revealed except to counsel of record in
> this action or by Court order or upon stipulation of the party
> disclosing the confidential documents.

12.      Changes or exceptions to this Order may be made only by written agreement of the Parties or order of the Court in this Action. Nothing herein, however, shall prevent any Party from seeking a modification of this Protective Order to provide additional protection for particular materials.

13.      Inadvertent disclosure of any document or other Discovery Material during this Litigation containing Confidential Information without appropriate designation, shall be without prejudice to any claim that such document or other Discovery Material is privileged, or "CONFIDENTIAL" and no producing Party shall be held to have waived any rights by such inadvertent disclosure. Upon written notice from the producing Party, any recipient of Discovery Material which the producing Party claims is privileged but inadvertently produced shall immediately return or destroy all such material and copies thereof and confirm such return and/or destruction to the producing Party. Such return or destruction is without prejudice to any Party's ability to challenge of such claim of privilege by the producing Party.

14353437v.1

14.    If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential.   Following the foregoing fourteen day period, counsel shall meet and confer in good faith in an effort to resolve the dispute.

(b)    If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court, either by conference or motion, as called for by the Court's procedures. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

-8-

WHEREFORE, the Parties indicate their agreement through their respective counsel

below.

/s/ Primitivo J. Cruz
Michael N. Onufrak, Esquire
Primitivo J. Cruz, Esquire
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
Phone: 215.864.7174/6865
Attorneys for Defendants

DATED: October 3, 2014

/s/ Benjamin F. Johns
Kimberly Donaldson Smith, Esquire
Benjamin F. Johns, Esquire
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
Attorneys for Plaintiffs

DATED: October 3, 2014


SO ORDERED,

/s/ **Legrome D. Davis**

Legrome Davis, U.S.D.J.

10|6|14

14353437v.1

# EXHIBIT A

H0039591.
14353437v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAIG LENELL, et al. | : CIVIL ACTION |
| | : |
| Plaintiffs, | : 2:14-cv-01924-LDD |
| | : |
| v. | : |
| | : |
| ADVANCED MINING TECHNOLOGY, INC., | : |
| et al. | : |
| | : |
| Defendants. | : |
| | : |

## ACKNOWLEDGMENT

The undersigned hereby agrees as follows:

1.  My address is _____.

2.  My present employer is _____ and the address of my

    present employment is _____.

3.  I have carefully read and understood the provisions of the Confidentiality

    Stipulation and Protective Order in this case signed by the Court, and I agree to be

    bound by all provisions of the Protective Order. I will hold in confidence and not

    disclose to anyone not qualified under the Confidentiality Stipulation and Protective

    Order any Confidential Information or any words, summaries, abstracts, or indices

    of Confidential Information disclosed to me.

Name:_____

Signature:_____

Dated:_____

H0039591.
14353437v.1

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2014, I caused a true and correct copy of the foregoing

Confidentiality Stipulation and Protective Order to be filed with the Clerk of Courts United

States District Court for the Eastern District of Pennsylvania and served upon the following

parties/counsel via e-mail.

/s/ Primitivo J. Cruz
Primitivo J. Cruz