IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG LENELL, et al. | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| ADVANCED MINING TECHNOLOGY, | : | No. 14-cv-01924 |
| INC., et al. | : | |
|     Defendants. | : | |

ORDER

AND NOW, this 10th day of December 2014, upon consideration of Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint (Doc. No. 19) and Plaintiffs' response in opposition thereto (Doc. No. 26), it is hereby ORDERED that Defendants' Motion to Dismiss is DENIED.

MEMORANDUM

I.    Background

This putative class action arises from Defendants' sale of specialized computers used for mining bitcoins to Plaintiffs and other customers. Defendant AMT manufactures specialized computers, known as "miners," that process mathematical calculations and allow the owners to earn digital currency for solving the computations. (Am. Compl. ¶¶ 2–3.) Plaintiffs, on behalf of a Class Action Fairness Act class, allege in the First Amended Complaint that Defendants failed to deliver the mining computers to customers as ordered, and that the miners that were delivered did not perform as advertised. (Am. Compl. ¶ 4.) Plaintiffs state claims for (I) breach of contract, (II) breach of express warranty, (III) common law fraud, (IV) negligent misrepresentation, (V) breach of the duty of good faith and fair dealing, (VI) unjust enrichment, and (VII–XIV) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) or analogous consumer protection statutes in North Carolina, Florida, Utah, California, and Oregon.

1

Pending before this Court is Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint. Defendants challenge whether Plaintiffs have alleged claims for which they could recover an amount sufficient to meet the jurisdictional requirements of the Class Action Fairness Act. (Mot. to Dismiss, Doc. No. 19, 9.) Plaintiffs oppose Defendants' Motion. (Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss the First Am. Compl. for Lack of Subject Matter Jurisdiction ("Pls.' Mem."), Doc. No. 26.)

II.     Analysis

Plaintiffs bring this suit under the Class Action Fairness Act (CAFA), codified at 28 U.S.C. § 1332(d). Under CAFA, a district court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," where minimal diversity is met and the number of members of the proposed class is greater than 100. See 28 U.S.C. § 1332(d). Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the basis that Plaintiffs' claims do not meet the $5,000,000 threshold for the amount in controversy. In determining the amount in controversy, we consider the claims of the individual class members in aggregate. 28 U.S.C. § 1332(d).

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A court may dismiss a claim under Rule 12(b)(1) where it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682–83 (1946). Generally, the proponent of jurisdiction has the burden of persuading the court that this low standard is met. Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

In assessing Defendants' 12(b)(1) motion, we first determine whether it is a factual or a facial attack on the sufficiency of the complaint. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). While a factual attack asserts "the actual failure of [a plaintiff's] claims to comport with the jurisdictional prerequisites," a facial attack concerns a pleading deficiency. Id. In a factual attack, "it is permissible for a court to review evidence outside the pleadings." Id. (citing Gould, 220 F.3d at 176). In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." Atkinson, 473 F.3d at 514 (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977)).

Here, Defendants challenge the amount in controversy in Plaintiffs' complaint as insufficient as a factual matter. Defendants argue that Plaintiffs' claims are not valuable enough to meet the jurisdictional threshold. (Defs.' Mem. 10.) Defendants do not allege a facial pleading deficiency that would preclude jurisdiction procedurally. We therefore conclude that Defendants' 12(b)(1) motion is a factual attack on our jurisdiction to hear Plaintiff's claims. As such, we "may independently evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that the plaintiff's allegations are true." CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008), as amended (Sept. 29, 2008).

The parties suggest different standards for determining whether the amount in controversy meets the threshold for CAFA jurisdiction. Defendants assert that the question of the amount in controversy is a substantive factual dispute, adjudged by the preponderance of the evidence standard. (Defs.' Mem. 10.) Plaintiffs argue that this is a legal question, such that the party contesting the jurisdictional amount must show to a legal certainty that the threshold cannot be met. (Pls.' Mem. 7.) Indeed, the Third Circuit recently clarified the different standards of

proof applied to substantive factual disputes and legal issues surrounding jurisdictional facts. See Frederico v. Home Depot, 507 F.3d 188, 196–97 (3d Cir. 2007) (explaining Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004)). If a substantive factual issue would determine jurisdiction, the court evaluates these facts based on a preponderance of the evidence standard. Frederico, 507 F.3d at 194. But "[w]hen relevant facts are not in dispute or findings have been made, the district court shall adhere to the legal certainty test." Id.

The legal certainty test applies here. While the parties disagree on the facts about the number and value of the sales at issue in this case,[1] the scope of the substantive factual dispute is limited. The true crux of Defendants' motion relates to the legal questions of whether Plaintiffs' putative class is certifiable, whether Plaintiffs can recover under their various theories for punitive damages, injunctive relief, lost profits, and violations state consumer protection law, as well as whether Plaintiffs' claims are barred by limitations in the sales contract with Defendants. Accordingly, while Defendants are correct that the Plaintiffs bear the burden of establishing that jurisdiction is proper, "[a] complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." In re LifeUSA Holding Inc., 242 F.3d 136, 143 (3d Cir. 2001); Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009). The fact that Plaintiffs allege jurisdiction under CAFA does not change this analysis. See Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 353 n.2 (3d Cir. 2013) (applying the legal certainty standard where plaintiff asserted CAFA jurisdiction); see also Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006) (declining "to

---

[1] Defendants assert that the possible damages are limited to the $973,959.12 that their records show proposed class members paid for AMT miners. (Mot. to Dismiss 10, Decl. of Joshua Zipkin ¶ 10.) Plaintiffs contest the completeness of Defendants' records for undelivered miners and argue that Defendants' figure does not account for ineffective miners that were delivered. (Pls.' Mem. 9.)

create an exception for CAFA to the well-settled practice in removal actions" regarding amounts in controversy).

Defendants have not shown to a legal certainty that Plaintiffs' putative class claims do not meet the requisite jurisdictional amount. We come to this conclusion by evaluating the aggregate value of the claims of the putative class at this stage of litigation.[2]

Plaintiffs state a viable claim for punitive damages exceeding $5,000,000 under the common law. Claims for punitive damages are included in the amount in controversy unless they are "patently frivolous and without foundation." Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (citations omitted), abrogated on other grounds by Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220 (3d Cir. 2008). Punitive damages are available for the common law fraud cause of action that Plaintiffs state in the First Amended Complaint.[3] See Roth v. US LEC of Pennsylvania, Inc., No. 05-CV-4452, 2005 WL 2340468, at *3 (E.D. Pa. Sept. 23, 2005) (citing McClellan v. Health Maintenance Org. of Pa., 413 Pa. Super. 128, 604 A.2d 1053, 1061 (Pa. Super. Ct. 1992); Smith v. Reinhart Fort, 68 Pa. D. & C.4th 432, 440 (Pa. Com. Pl. 2004)). Punitive damages, if awarded, could meet the jurisdictional threshold of $5,000,000 with a reasonable punitive-to-compensatory damages ratio. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 499–501 (2008) (explaining the range of constitutionally acceptable punitive awards).

---

[2] We will not parse the issue of class certification at this time because the question of whether a class is ultimately certifiable is premature when evaluating a motion to dismiss. Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011) (noting that ruling on class certification during the motion to dismiss stage was "premature," as the court could not conduct the necessary "rigorous analysis" at that stage), opinion reinstated in part, No. 09-3105, 2012 WL 2052685, at *1 (3d Cir. Apr. 17, 2012). See also Martin v. Ford Motor Co., 765 F. Supp. 2d 673, 680–81 (E.D. Pa. 2011) (collecting cases in which trial courts denied motions to dismiss class allegations as improper before class certification).

[3] For that matter, punitive damages are also available for Plaintiffs claim for negligent misrepresentation, to the extent that it arises under common law.

Assuming for the sake of argument that Plaintiffs' fraud claim merits an award of the amount spent on the miners, a ratio of roughly five to one would exceed the jurisdictional threshold. As "punitives are aimed not at compensation but principally at retribution and deterring harmful conduct," Exxon, 554 U.S. at 492, it is reasonable that a jury may award damages in an amount exceeding $5,000,000 if they were persuaded that such conduct was present in this case.

Because the punitive damages that Plaintiffs seek fulfill the amount in controversy requirement, we need not further examine the value of Plaintiffs' claims. Golden, 382 F.3d at 355. However, we note that attorneys' fees may substantially increase the amount in controversy in this suit. Frederico, 507 F.3d at 199 (citing In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 303 (3d Cir. 2005)). The value of injunctive relief is also calculated into the amount in controversy, "measured by the value of the right sought to be protected by the equitable relief." Barbiero v. Kaufman, 580 F. App'x 107 (3d Cir. 2014) (citing In re Corestates Trust Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994)).

Taking Plaintiffs' claims as a whole, we conclude that Defendants have failed to show to a legal certainty that Plaintiffs cannot recover the requisite amount in this case. We will not explore Defendants' arguments about the contractual limitations on liability, the basis for recovery of lost profits, or the applicability of Pennsylvania state consumer protection law to the putative nationwide class. We also will not evaluate the factual dispute regarding Defendants' sales records, as those facts are not necessary for the determination that Plaintiffs have alleged claims sufficient for jurisdiction; that bar is met even with Defendants' estimated sales figures. A motion to dismiss under Rule 12(b)(1) measures only the basis for our jurisdiction over the complaint, and the jurisdictional standard has been satisfied.

Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction under 12(b)(1) is DENIED.

                BY THE COURT:

                /s/ Legrome D. Davis

                Legrome D. Davis, J.