**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAIG LENELL, THOMAS URBANEK, JARED PELA, TIMOTHY CHRISTIAN, JOHN LEWIS, and PHILLIP WILTSHIRE on behalf of themselves and all others similarly situated, | NO. 2:14-CV-01924-LDD |
| Plaintiffs, | |
| v. | |
| ADVANCED MINING TECHNOLOGY, INC., et al. JOSHUA ZIPKIN; and JIM BROWN | JURY TRIAL DEMANDED |
| Defendants. | |

**ANSWER AND AFFIRMATIVES DEFENSES OF DEFENDANTS ADVANCED MINING TECHNOLOGY, INC. AND JOSHUA ZIPKIN TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Advanced Mining Technology, Inc. ("AMT") and Joshua Zipkin ("Joshua"), by and through their undersigned attorneys, White and Williams LLP, hereby answer the Plaintiffs' Amended Complaint and state as follows:

1.      Admitted in part; denied in part. Defendants admit only that the named Plaintiffs in the above-captioned action were customers of defendant AMT and brought this lawsuit in regards to bitcoin miners they alleged to have purchased from AMT.  The remainder of the averment is denied because AMT is a registered corporation and a separate legal entity from Joshua.  There is no basis to impose any liability individually on Joshua.

2.      Admitted in part; denied in part. Defendants admit only that bitcoin is a type of digital or virtual currency that can be traded for goods or services where accepted by third parties for such transactions.  Defendants further admit that the "mining" of bitcoins is a process

whereby bitcoins can be earned and involves the use of computer hardware to perform mathematical computations.  The remainder of the averments set forth in paragraph 2 are denied. By way of further response, the mathematics of mining bitcoin is subject to a variety of factors, influences and market forces. As such, the valuation of bitcoins fluctuates on a day-to-day basis.

3.      Admitted in part; denied in part. Defendants admit only that the Bitcoin Miners sold by AMT are meant to be used in the process of mining bitcoin and that the various models of AMT's Bitcoin Miners are sold for a range of prices. The remainder of the averments in paragraph 3 are denied.  By way of further response, AMT is a registered corporation and a separate legal entity from Joshua.

4.      Denied.  By way of further response, the allegations in paragraph 4 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

5.      Denied.  By way of further response, the allegations in paragraph 5 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

6.      Denied. The mathematics surrounding the process of mining bitcoin is subject to a variety of factors, influences and market forces.  As such, the valuation of bitcoins fluctuates on a day-to-day basis.  By way of further response, AMT is a registered corporation and a separate legal entity from Joshua.  The remainder of the averments are denied as the remaining allegations in paragraph 6 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

7.      Denied.  By way of further response, the allegations in paragraph 7 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

8.      Admitted in part; denied in part. Defendants admit only that customers have contacted AMT regarding the status of bitcoin miner orders with the company or to request refunds. The remainder of the allegations in paragraph 8 are denied.

9.      Denied.   By way of further response, the allegations in paragraph 9 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

10.     Denied.

11.     Denied.  By way of further response, the allegations in paragraph 11 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

12.     Admitted in part; denied in part. Defendants admit only that named Plaintiffs have initiated the above-captioned lawsuit alleging multiple statutory and common law causes of action against Defendants.  The remainder of the allegations in paragraph 12 are denied.  By way of further response, the allegations in paragraph 12 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

## PARTIES

### Plaintiff Craig Lenell

13.     Admitted in part; denied in part.  Defendants admit only, upon information and belief, that Plaintiff Lenell is a resident of, and domiciled in, the State of North Carolina. The remainder of the allegations in paragraph 13 are denied.

14.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell placed an order for a Bitcoin Miner with AMT, made payment to AMT for the same and that AMT provided an estimated window for delivery of the ordered Bitcoin Miner according to information provided by AMT's suppliers and chip manufacturer and reasonably relied upon by AMT.  The remainder of the allegations contained in paragraph 14 are denied.  By way of further response, the allegations in paragraph 14 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

15.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell attempted to place an order for another Bitcoin Miner with AMT, that payment for this additional order was never made and that the attempted sale was never consummated.  The remainder of the allegations contained in paragraph 15 are denied.  By way of further response, the allegations in paragraph 14 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

16.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell had not received a 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014 due to Lenell's specific written instructions to not attempt delivery as he is a lead plaintiff in this claim.  The remainder of the allegations contained in paragraph 16 are denied.   By way of further response, the

allegations in paragraph 16 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**Plaintiff Thomas Urbanek**

17.     Admitted in part; denied in part.  Defendants admit only, upon information and belief,  that Plaintiff Urbanek is a resident of, and domiciled in, the State of Florida.  The remainder of the allegations in paragraph 17 are denied.

18.     Admitted in part; denied in part. Defendants admit only that Plaintiff Urbanek placed an order for three Bitcoin Miners with AMT and made payment to AMT for the same. The remainder of the allegations contained in paragraph 18 are denied.  By way of further response, the allegations in paragraph 18 involve purported transactions between Plaintiff Urbanek and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

19.     Admitted in part; denied in part.  Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 19 are denied.  By way of further response, the allegations in paragraph 19 involve purported transactions between Plaintiff Urbanek and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

20.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Urbanek had not received the three 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014 due to Urbanek's specific written instructions to not attempt delivery as he is a lead plaintiff in this claim and chose to wait for the outcome of this proceeding.  The remainder of the allegations

contained in paragraph 20 are denied.  By way of further response, the allegations in paragraph 20 involve purported transactions between Plaintiff Urbanek and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**Plaintiff Jared Pela**

21.     Admitted in part; denied in part.  Defendants admit only, upon information and belief,  that Plaintiff Pela is a resident of, and domiciled in, the State of Utah. The remainder of the allegations in paragraph 21 are denied.

22.     Admitted in part; denied in part. Defendants admit only that Plaintiff Pela placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The remainder of the allegations contained in paragraph 22 are denied.  By way of further response, the allegations in paragraph 22 involve purported transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

23.     Admitted in part; denied in part.  Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miner according to information provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 23 are denied.  By way of further response, the allegations in paragraph 23 involve purported transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

24.     Admitted in part; denied in part. Defendants admit only that Plaintiff Pela had not received a 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014 due to Pela's specific written

instructions to not attempt delivery as he is a lead plaintiff in this claim and chose to wait for the outcome of this proceeding.  The remainder of the allegations contained in paragraph 24 are denied.  By way of further response, the allegations in paragraph 24 involve purported transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**Plaintiff Timothy Christian**

25.    Admitted in part; denied in part.  Defendants admit only, upon information and belief,  that Plaintiff Christian is a resident of, and domiciled in, the State of Oregon. The remainder of the allegations in paragraph 25 are denied.

26.    Admitted in part; denied in part. Defendants admit only that Plaintiff Christian placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The remainder of the allegations contained in paragraph 26 are denied.  By way of further response, the allegations in paragraph 26 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

27.    Admitted in part; denied in part.  Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miner according to information provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 27 are denied.  By way of further response, the allegations in paragraph 27 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

14789904v.1

28.     Admitted in part; denied in part. Defendants admit only that Plaintiff Christian had not received a 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014.  The remainder of the allegations contained in paragraph 28 are denied.   By way of further response, the allegations in paragraph 28 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**Plaintiff John Lewis**

29.     Admitted in part; denied in part.  Defendants admit only, upon information and belief,  that Plaintiff Lewis is a resident of, and domiciled in, the State of California. The remainder of the allegations in paragraph 29 are denied.

30.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Lewis placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The remainder of the allegations contained in paragraph 30 are denied.   By way of further response, the allegations in paragraph 30 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

31.     Admitted in part; denied in part.  Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miner according to information provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 31 are denied.  By way of further response, the allegations in paragraph 31 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

32.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lewis had not received a 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014.  The remainder of the allegations contained in paragraph 32 are denied.  By way of further response, the allegations in paragraph 32 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**Plaintiff Phillip Wiltshire**

33.     Admitted in part; denied in part.  Defendants admit only, upon information and belief,  that Plaintiff Wiltshire is a resident of, and domiciled in, the State of Illinois. The remainder of the allegations in paragraph 33 are denied.

34.     Admitted in part; denied in part. Defendants admit only that Plaintiff Wiltshire placed an order for a 1.2 TH/s Bitcoin Miner with AMT.  The remainder of the allegations contained in paragraph 34 are denied.  By way of further response, the allegations in paragraph 34 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

35.     Admitted in part; denied in part.  Defendants admit only, upon information and belief, that Plaintiff Wiltshire sent payment to AMT for his order of a 1.2 TH/s Bitcoin Miner. The remainder of the allegations contained in paragraph 35 are denied.  By way of further response, the allegations in paragraph 35 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

14789904v.1

36.     Admitted in part; denied in part.  Defendants admit only that AMT received a check for Plaintiff Wiltshire's order of a 1.2 TH/s Bitcoin Miner.  The remainder of the allegations contained in paragraph 36 are denied.  By way of further response, the allegations in paragraph 36 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

37.     Admitted in part; denied in part.  Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miner according to information provided by  AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 37 are denied.  By way of further response, the allegations in paragraph 37 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

38.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Wiltshire had not received a 1.2TH/s Bitcoin Miner from AMT as of June 25, 2014.  The remainder of the allegations contained in paragraph 38 are denied.  By way of further response, the allegations in paragraph 38 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**The Defendants**

39.     Admitted in part; denied in part.  Defendants admit only that AMT is engaged in the business of distributing specialized computer hardware developed by computer chip

manufacturers for use in mining of bitcoin. The remainder of the allegations contained in paragraph 39 are denied.

40.     Admitted in part; denied in part. Defendants admit only that AMT is a corporation registered and organized under the laws of the State of Delaware. The remainder of the allegations contained in paragraph 40 are denied.

41.     Admitted in part; denied in part. Defendants admit only that AMT held a subsidiary office located in Haverford, Pennsylvania.  By way further response,  AMT no longer maintains an office in Pennsylvania. The remainder of the allegations contained in paragraph 41 are denied.

42.     Admitted in part; denied in part. Defendants admit only that Joshua was an employee and held shares of Advanced Mining Technologies Inc. as of June 25, 2014.  The remainder of the averment is denied because AMT is a registered corporation and a separate legal entity and there is no basis to impose any liability individually on Joshua.

43.     Denied.  By way of further response, Jim Brown is a pseudonym which was used to represent specific AMT employees in various communications, such as web chats, emails and other similar means of communication. Brown was used for the protection and personal privacy of AMT employees due to dangerous threats made on public forums against AMT employees since October 2013.

## JURISDICTION AND VENUE

44.     Admitted.

45.     Admitted.

46.     Denied.  Defendants deny each of the allegations in paragraph 46 and reserve all objections as to subject matter jurisdiction as appropriately raised at trial or upon an evidentiary hearing.

## FACTUAL ALLEGATIONS

### A.  The Bitcoin Mining Process

47.     Admitted, upon information and belief.

48.     Admitted in part; denied in part. Defendants admit only that the bitcoin market is volatile and the process of "mining" bitcoins often involves the use of specialized machines to solve complex mathematical computations.  The remainder of the allegations contained in paragraph 48 are denied.

49.     Admitted in part; denied in part. Defendants admit only that bitcoin mining is a competitive business and that the total number of bitcoins that can exist is capped at approximately 21 million. The remainder of the allegations contained in paragraph 49 are denied.

50.     Denied. By way of further response, the mathematics of mining bitcoin is subject to a variety of factors, influences and market forces. As such, the valuation of bitcoins fluctuates on a day-to-day basis, and the equipment to mine bitcoin can vary according to demand of the network itself.

51.     Admitted, upon information and belief.

### B.  AMT.

52.     Denied as stated.  The partial quotation in paragraph 52 is from AMT's website, which  is a document in writing that speaks for itself.

53.     Denied as stated.  The partial quotation in paragraph 53 is from AMT's website, which  is a document in writing that speaks for itself.

54.    Denied as stated.  The partial quotation in paragraph 54 is from AMT's website, which  is a document in writing that speaks for itself.

55.    Admitted in part; denied in part. Defendants admit only that AMT sold the specific models of Bitcoin Miners identified in paragraph 55 at a variety of prices.  The remainder of the allegations contained in paragraph 55 are denied.  By way of further response, AMT ceased accepting further sales of Bitcoin Miners in or about April of 2014 in order to focus on fulfilling its existing orders and defend against this and other lawsuits initiated against it.

56.    Admitted.

57.    Admitted in part; denied in part.  Defendants admit only that AMT generally uses its website to conduct its Bitcoin Miner business.  The remainder of the allegations contained in paragraph 57 are denied.   By way of further response, the allegations in paragraph 57 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

58.    Denied.  By way of further response, any purported contract between AMT and persons who purchased Bitcoin Miners are documents in writing which speak for themselves. Further, the allegations in paragraph 58 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

59.    Admitted in part; denied in part.  Defendants admit only that AMT provided a phone number for customers to reach the company and that it experienced a high volume of calls which hindered AMT from immediately responding to calls.  The remainder of the allegations contained in paragraph 59 are denied.  By way of further response, the allegations in paragraph 59 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

60.     Denied as stated. The averments in paragraph 60 refer to AMT's website, which is a document in writing that speaks for itself.  The remainder of the allegations contained in paragraph 60 are denied.  By way of further response, the allegations in paragraph 60 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

61.     Admitted in part; denied in part. Defendants admit only that AMT and purchasers of its Bitcoin Miners agreed to AMT's Terms of Sale when an order is submitted to AMT.  The remainder of the allegations contained in paragraph 61 are denied.  By way of further response, the allegations in paragraph 61 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua.

## C. <u>Plaintiff Lenell's Orders From AMT.</u>

62.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell placed an order for a Bitcoin Miner with AMT, made payment to AMT for the same, and that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided by  AMT's suppliers and chip manufacturer and reasonably relied upon by AMT.  The remainder of the allegations contained in paragraph 62 are denied.  By way of further response, the allegations in paragraph 62 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

63.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell attempted to place an order for another Bitcoin Miner with AMT, that payment for this additional order never was made and that the attempted sale never was consummated.  The remainder of the allegations contained in paragraph 63 are denied.  By way of further response, the allegations in paragraph 63 involve purported transactions between Plaintiff Lenell and AMT and there is no

basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

64.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Lenell attempted to place an order for another Bitcoin Miner with AMT, that payment for this additional order never was made and that the attempted sale never was consummated.  The remainder of the allegations contained in paragraph 64 are denied.  By way of further response, the allegations in paragraph 64 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

65.     Denied as stated. The averments in paragraph 65 refer to AMT's website, which is a document in writing that speaks for itself.  The remainder of the allegations contained in paragraph 65 are denied.  By way of further response, the allegations in paragraph 65 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

66.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell had not received  a 1.2 TH/s Bitcoin Miner from AMT by the original date of estimated delivery. The remainder of the allegations contained in paragraph 66 are denied.  By way of further response, the allegations in paragraph 66 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

67.     Denied as stated.  By way of further response,  Plaintiff Lenell engaged in a public campaign against AMT and Joshua, which often entailed his making multiple

mischaracterizations about and threats against Defendants.  Any such statements by Lenell or purported response to such conduct as selectively quoted in paragraph 67 are documents in writing which speak for themselves.

68.     Denied as stated.  Plaintiff Lenell engaged in a public campaign against AMT and Joshua, which often entailed his making multiple mischaracterizations about and threats against Defendants. Any such statements by Lenell or purported response to such conduct as selectively quoted in paragraph 68 are documents in writing which speak for themselves.  By way of further response, the allegations in paragraph 68 involve purported transactions between Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

69.     Denied as stated.  The purported March 6, 2014 emails cited in paragraph 69 are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 69 are denied.  By way of further response, the allegations in paragraph 69 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

70.     Denied as stated.  The purported emails exchanged on March 14, 2014 referred to in paragraph 70 are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 70 are denied.  By way of further response, the allegations in paragraph 70 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

14789904v.1

71.     Denied as stated.  The purported emails exchanged on March 16, 2014 referred to in paragraph 71 are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 71 are denied.  By way of further response, the allegations in paragraph 71 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

72.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lenell had not received  a 1.2 TH/s Bitcoin Miner or refund from AMT as of June 25, 2014. The remainder of the allegations contained in paragraph 72 are denied.  By way of further response, the allegations in paragraph 72 involve purported transactions between Plaintiff Lenell and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**D.  Plaintiff Urbanek's Order From AMT.**

73.     Admitted in part; denied in part. Defendants admit only that Plaintiff Urbanek placed an order for three Bitcoin Miners with AMT and made payment to AMT for same. The remainder of the allegations contained in paragraph 73 are denied.  By way of further response, the allegations in paragraph 73 involve purported transactions between Plaintiff Urbanek and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

74.     Admitted in part; denied in part. Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided by  AMT's suppliers and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 74 are denied.  By way of further response, the allegations in paragraph 74 involve purported transactions between Plaintiffs and AMT and there

-17-

is no basis to impose any liability individually on Joshua because AMT is a registered

corporation and a separate legal entity from Joshua.

75.     Denied as stated.  The purported February 27, 2014 email cited in paragraph 75 is

a document in writing which speaks for itself.  The remainder of the allegations contained in

paragraph 75 are denied.  By way of further response, the allegations in paragraph 75 involve

purported transactions between Plaintiff Urbanek and AMT and there is no basis to impose any

liability individually on Joshua because AMT is a registered corporation and a separate legal

entity from Joshua.

76.     Denied as stated.  The purported emails exchanged between March 3, 2014 and

March 26, 2014 referred to in paragraph 76 are documents in writing which speak for

themselves.  The remainder of the allegations contained in paragraph 76 are denied.  By way of

further response, the allegations in paragraph 76 involve purported transactions between Plaintiff

Urbanek and AMT and there is no basis to impose any liability individually on Joshua because

AMT is a registered corporation and a separate legal entity from Joshua.

77.     Admitted in part; denied in part. Defendants admit only that Plaintiff Urbanek had

not received  the three 1.2 TH/s Bitcoin Miners as of June 25, 2014. The remainder of the

allegations contained in paragraph 77 are denied.  By way of further response, the allegations in

paragraph 77 involve purported transactions between Plaintiffs and AMT and there is no basis to

impose any liability individually on Joshua because AMT is a registered corporation and a

separate legal entity from Joshua.

**E.  Plaintiff Pela's Order From AMT.**

78.     Admitted in part; denied in part. Defendants admit only that Plaintiff Pela placed

an order for a Bitcoin Miner with AMT, made payment to AMT for this order and that AMT

would estimate windows for delivery of ordered Bitcoin Miners according to information

-18-

provided by  AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon
by AMT.  The remainder of the averments set forth in paragraph 78 are denied.  By way of
further response, the allegations in paragraph 78 involve purported transactions between
Plaintiffs and AMT and there is no basis to impose any liability individually on Joshua because
AMT is a registered corporation and a separate legal entity from Joshua.

79.     Denied as stated.  The purported emails exchanged between December 16, 2013
and December 18, 2013 referred to in paragraph 79 are documents in writing which speak for
themselves.  The remainder of the allegations contained in paragraph 79 are denied.  By way of
further response, the allegations in paragraph 79 involve purported transactions between Plaintiff
Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT
is a registered corporation and a separate legal entity from Joshua.

80.     Denied as stated.  The purported emails exchanged between December 24, 2013
and December 26, 2013 referred to in paragraph 80 are documents in writing which speak for
themselves.  The remainder of the allegations contained in paragraph 80 are denied.  By way of
further response, the allegations in paragraph 80 involve purported transactions between Plaintiff
Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT
is a registered corporation and a separate legal entity from Joshua.

81.     Denied.  By way of further response, AMT would estimate windows for delivery
of ordered Bitcoin Miners according to information provided by AMT's suppliers,
subcontractors and chip manufacturer and reasonably relied upon by AMT.

82.     Denied as stated.  The purported email from March 6, 2014 is a document in
writing which speaks for itself.  The remainder of the allegations contained in paragraph 82 are
denied.  By way of further response, the allegations in paragraph 80 involve purported

transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

83.     Denied as stated. The averments in paragraph 83 refer to AMT's website, which is a document in writing that speaks for itself.  The remainder of the allegations contained in paragraph 83 are denied.  By way of further response, the allegations in paragraph 83 involve purported transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

84.     Admitted in part; denied in part. Defendants admit only that Plaintiff Pela had not received  a 1.2 TH/s Bitcoin Miner as of June 25, 2014. The remainder of the allegations contained in paragraph 84 are denied.  By way of further response, the allegations in paragraph 84 involve purported transactions between Plaintiff Pela and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**F.  Plaintiff Christian's Order From AMT.**

85.     Admitted in part; denied in part. Defendants admit only that Plaintiff Christian placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The remainder of the averments in paragraph 85 are denied.  By way of further response, the allegations in paragraph 85 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

86.     Admitted in part; denied in part. Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided

-20-

14789904v.1

by AMT's suppliers and chip manufacturer and reasonably relied upon by AMT. The remainder of the allegations contained in paragraph 86 are denied.  By way of further response, the allegations in paragraph 86 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

87.     Denied as stated.  The purported emails from December 23, 2013 and onward referenced in paragraph 87 are documents in writing which speaks for themselves.  The remainder of the allegations contained in paragraph 87 are denied.  By way of further response, the allegations in paragraph 87 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

88.     Admitted in part; denied in part. Defendants admit only that Plaintiff Christian made a request to AMT for a refund.  By way of further response, the correspondence between Plaintiff Christian and AMT referenced by paragraph 88 are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 88 are denied.

89.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Christian had not received  a 1.2 TH/s Bitcoin Miner as of June 25, 2014.  The remainder of the allegations contained in paragraph 89 are denied.  By way of further response, the allegations in paragraph 89 involve purported transactions between Plaintiff Christian and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**G.  Plaintiff Lewis' Order From AMT.**

90.     Admitted in part; denied in part. Defendants admit only that Plaintiff Lewis placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The

remainder of the averments in paragraph 90 are denied.  By way of further response, the allegations in paragraph 90 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

91.     Admitted in part; denied in part. Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided by AMT's suppliers and chip manufacturer and reasonably relied upon by AMT.  The remainder of the allegations contained in paragraph 91 are denied.  By way of further response, the allegations in paragraph 91 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

92.     Denied as stated.  The purported emails from February 25, 2014 and onward cited in paragraph 92 are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 92 are denied.  By way of further response, the allegations in paragraph 92 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

93.     Denied as stated.  The purported request for a refund by Plaintiff Lewis is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 93 are denied.  By way of further response, the allegations in paragraph 93 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

14789904v.1

94.     Admitted in part; denied in part.  Defendants admit only that Plaintiff Lewis had not received a 1.2 TH/s Bitcoin Miner as of June 25, 2014.  The remainder of the allegations contained in paragraph 94 are denied.  By way of further response, the allegations in paragraph 94 involve purported transactions between Plaintiff Lewis and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

## H.  Plaintiff Wiltshire's Order From AMT.

95.     Admitted in part; denied in part. Defendants admit only that Plaintiff Wiltshire placed an order for a Bitcoin Miner with AMT and made payment to AMT for the same. The remainder of the averments in paragraph 95 are denied.  By way of further response, the allegations in paragraph 95 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

96.     Admitted in part; denied in part. Defendants admit only that AMT provided an estimated window for delivery of the ordered Bitcoin Miners according to information provided by AMT's suppliers and chip manufacturer and reasonably relied upon by AMT.  The remainder of the allegations contained in paragraph 96 are denied.  By way of further response, the allegations in paragraph 96 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

97.     Denied as stated.  The purported March 7, 2014 email from Plaintiff Wiltshire is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 97 are denied.  By way of further response, the allegations in paragraph 97 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any

liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

98.     Defendants deny knowledge or information sufficient to form a belief as to Plaintiff Wiltshire's purported conduct on March 9, 2014 as alleged in paragraph 98.

99.     Denied as stated.  The purported March 10, 2014 email is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 99 are denied. By way of further response, the allegations in paragraph 99 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

100.    Denied as stated.  The purported request for a refund by Plaintiff Wiltshire is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 100 are denied.  By way of further response, the allegations in paragraph 100 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua.

101.    Admitted in part; denied in part.  Defendants admit only that Plaintiff Wiltshire had not received  a 1.2 TH/s Bitcoin Miner as of June 25, 2014.  The remainder of the allegations contained in paragraph 101 are denied.  By way of further response, the allegations in paragraph 101 involve purported transactions between Plaintiff Wiltshire and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

**I.  Defendants' [Alleged] Failure to Deliver Purchased Bitcoin Miners, Rightfully Issue Refunds, or Deliver Purchased Bitcoin Miners that Perform as Advertised**

102.    Admitted in part; denied in part.  Defendants admit only that Bitcoin Talk is an internet message board in which those interested in bitcoin often participate.  The remainder of the allegations contained in paragraph 102 are denied.

103.    Denied as stated. By way of further response,  any purported Bitcoin Talk threads are documents which speak for themselves.  The remainder of the allegations contained in paragraph 103 are denied.

104.    Denied as stated.  The purported postings by AMT on the Bitcoin Talk forum are documents in writing which speak for themselves.  The remainder of the allegations contained in paragraph 104 are denied.  By way of further response, the allegations in paragraph 104 involve purported transactions by AMT on behalf of the company and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

105.    Denied as stated.  The purported October 29, 2013 post by AMT on the Bitcoin Talk forum is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 105 are denied.  By way of further response,  AMT would provide estimated windows for delivery for the ordered Bitcoin Miners according to information provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT.

106.    Denied as stated.  The purported February 21, 2014 post by AMT on the Bitcoin Talk forum is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 106 are denied.  By way of further response,  AMT would provide estimated windows for delivery for the ordered Bitcoin Miners according to information

provided by AMT's suppliers, subcontractors and chip manufacturer and reasonably relied upon by AMT.

107.    Denied as stated.  The purported March 7, 2014 post by AMT on the Bitcoin Talk forum is a document in writing which speaks for itself.  The remainder of the allegations contained in paragraph 107 are denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Admitted in part; denied in part. Defendants admit only that Plaintiffs and other putative class members paid AMT for various model's of Bitcoin Miners, and some of these persons did not yet receive Bitcoin Miners by June 30, 2014. The remainder of the allegations contained in paragraph 107 are denied. By way of further response, the implication that none of the persons ordering Bitcoin Miners from AMT received them is denied.

112.    Denied.

113.    Denied.

114.    Denied as stated.  Any purported contract with AMT or correspondence relating thereto are documents which speak for themselves.  The remainder of the allegations contained in paragraph 114 are denied.

115.    Denied.

116.    Denied as stated.  Any contract with AMT or correspondence relating thereto are documents which speak for themselves.  The remainder of the allegations contained in paragraph 116 are denied.

117.    Denied.

-26-

## CLASS ALLEGATIONS

118 – 126. (including all subparts).  Admitted in part; denied in part.  It is admitted only that Plaintiffs purport to invoke Rules 23(a) and 23(b)(1), (2) and/or (3) of the Federal Rules of Civil Procedure in bringing this action on behalf of a putative class.  It is denied that any cause of action exists in favor of Plaintiffs or any class of persons or that a class action is appropriate under the Federal Rules of Civil Procedure and related jurisprudence.  It is further denied that any putative class satisfies the requirements of numerosity, commonality, typicality, and adequate representation, or that the class action is a fair and efficient method for the adjudicating this claim.  The averments in these paragraphs are further denied since the references to particular state laws underlying individual Plaintiffs' or the putative class'/sub-class' claims constitutes a conclusions of law.  By way of further response, the respective state statutory and common law tort claims asserted by Plaintiffs or any putative class/sub-class are governed by the state law of their respective domiciliary states pursuant to the choice of law analysis applied in this forum.

## VIOLATIONS ALLEGED

### COUNT I
### BREACH OF CONTRACT
**(On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)**

127.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

128.    Admitted in part; denied in part.  Defendants admit only that Plaintiffs' assert causes of action against defendants and purport to bring such causes of action against defendants on behalf of a putative class.  The remainder of the allegations in paragraph 128 are denied.

129.    Admitted in part; denied in part.  Defendants admit only that a sales agreement exists between Plaintiffs and AMT as represented by the AMT Terms of Sale and that Plaintiffs paid AMT for the purchase of a Bitcoin Miner.  The remainder of the allegations in paragraph 129 are denied.  By way of further response, the allegations in paragraph 129 involve purported transactions by AMT or its employees on behalf of the company and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

130.    Denied.

131.    Denied.

132.    Denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT II
## BREACH OF EXPRESS WARRANTY
**(On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)**

133.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT III
## COMMON LAW FRAUD
**(On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)**

138.     Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

139.     Denied.  By way of further response, the allegations in paragraph 139 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

140.     Denied.  By way of further response, the allegations in paragraph 140 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

141.     Denied.  By way of further response, the allegations in paragraph 141 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

142.     Denied.  By way of further response, the allegations in paragraph 142 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

143.     Denied.  By way of further response, the allegations in paragraph 143 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

144.     Denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)

145.     Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

146.     Denied.  By way of further response, the allegations in paragraph 146 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

147.     Denied. By way of further response the AMT Terms of Sale governing Plaintiffs alleged transactions with AMT is a document in writing which speaks for itself.  The remainder of the allegations in paragraph 147 are denied.

148.     Denied. By way of further response, AMT had ceased accepting further sales of such Bitcoin Miners after it became clear that it's subcontractor was unable to provide the components it required in order fulfill Bitcoin Miner orders and so as to focus on fulfilling its existing orders and defend against this and other lawsuits initiated against it.

149.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 149.

150.     Denied.  By way of further response, the allegations in paragraph 150 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

151.     Denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT V
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
**(On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)**

152.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

153.    Denied.

154.    Denied.  By way of further response, the allegations in paragraph 154 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

155.    Denied.  By way of further response, the allegations in paragraph 154 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT VI
## UNJUST ENRICHMENT
**(On behalf of [a putative] Nationwide Class, or Alternatively each of the [putative] state-wide classes)**

156.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

157.    Denied.  By way of further response, the allegations in paragraph 157 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to

14789904v.1

impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

158.    Denied.  By way of further response, the allegations in paragraph 158 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

159.    Denied. The AMT Terms of Sale governing Plaintiffs alleged transactions with AMT is a document in writing which speaks for itself.  By way of further response, the allegations in paragraph 159 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

160.    Denied.  By way of further response, the allegations in paragraph 160 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT VII
## VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### (On behalf of [a putative] Nationwide Class)

161.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

162.    Denied.  The averments in this paragraph are denied since the statutory language of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("UTCPL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By

14789904v.1

way of further response, it is denied that Plaintiffs constitute "consumers" under the UTCPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

163.    Denied.  By way of further response, the allegations in paragraph 163 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

164.    Denied.

165.    Denied.

166.    Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as prescribed in 73 P.S. § 201-9.2(a). Defendants deny the implication that Plaintiffs are entitled to such damages.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

### COUNT IX
### ALLEGED VIOLATIONS OF THE NORTH CAROLINA UNFAIR
### AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. §75-1.1 *ET SEQ*
### (On behalf of [a putative] North Carolina Class)

167.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

168.    Denied.  The averments in this paragraph are denied since the statutory language of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq. ("NCUDTPA") speaks for itself and any interpretation thereof constitutes a conclusion of law.

169.    Denied.  By way of further response, the allegations in paragraph 169 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

170.    Denied.  By way of further response, the allegations in paragraph 170 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

171.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 171.

172.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 172.

173.    Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as proscribed in N.C. Gen. Stat. § 75-16.  Defendants deny the implication that Plaintiffs are entitled to such damages.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

**COUNT X**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR**
**TRADE PRACTICES ACT**
**(On Behalf of the [putative] Florida Class)**

174.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

175.    Denied.  The averments in this paragraph are denied since the statutory language of the Florida Deceptive and Unfair Trade Practices Act, 73 P.S. § 201-1 et seq. ("FDUTPA") speaks for itself and any interpretation thereof constitutes a conclusion of law.

176.    Denied.  By way of further response, the allegations in paragraph 176 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

-34-

177.    Denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT XI
## VIOLATIONS OF THE UTAH CONSUMER SALES PRACTICES ACT
### (On Behalf of the [putative] Utah Class)

178.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

179.    Denied.  The averments in this paragraph are denied since the statutory language of the Utah Consumer Sales Practices Act, Utah Code § 13-11-19 et seq. ("UCSPA") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the UCSPA as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

180.    Denied.  By way of further response, the allegations in paragraph 180 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua because AMT is a registered corporation and a separate legal entity from Joshua.

181.    Denied.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 181.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT XII
## VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES LAW
### (On Behalf of the [putative] Oregon Class)

182.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

183.    Denied.  The averments in this paragraph are denied since the statutory language of Oregon's Unlawful Trade Practices Law, Or. Rev. Stat. §§ 646.605 - .607, -, .608 et seq. ("OUTPL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the OUTPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

43.    Denied.  The averments in this paragraph are denied since the statutory language of Oregon's Unlawful Trade Practices Law, Or. Rev. Stat. §§ 646.605 - .607, -, .608 et seq. ("OUTPL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the OUTPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

43.    Denied.  The averments in this paragraph are denied since the statutory language of Oregon's Unlawful Trade Practices Law, Or. Rev. Stat. §§ 646.605 - .607, -, .608 et seq. ("OUTPL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the OUTPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

43.    Denied.  The averments in this paragraph are denied since the statutory language of Oregon's Unlawful Trade Practices Law, Or. Rev. Stat. §§ 646.605 - .607, -, .608 et seq. ("OUTPL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the OUTPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

184.    Denied.  By way of further response, the allegations in paragraph 184 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

-36-

14789904v.1

185.     Denied.  By way of further response, the allegations in paragraph 185 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

186.     Denied.  The averments in this paragraph are denied since the statutory language of the OUTPL, Or. Rev. Stat. §§ 646.608  speaks for itself and any interpretation thereof constitutes a conclusion of law. The remainder of the averments in paragraph 186 are denied.  By way of further response, the allegations in paragraph 186 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

187.     Denied.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 187.

188.     Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as proscribed in Or. Rev. Stat. § 7646.638.  Defendants deny the implication that Plaintiffs are entitled to such damages.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT XIII
## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
### (On Behalf of the California Class)

189.     Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

190.     Denied.  The averments in this paragraph are denied since the statutory language of California's Consumer Legal Remedies Act, Cal. Civil Code § 1761 et seq. ("CLRA") speaks for itself and any interpretation thereof constitutes a conclusion of law.

14789904v.1

191.    Denied.  The averments in this paragraph are denied since the statutory language of California's Consumer Legal Remedies Act, Cal. Civil Code § 1761 et seq. ("CLRA") speaks for itself and any interpretation thereof constitutes a conclusion of law. By way of further response, it is denied that Plaintiffs constitute "consumers" under the CLRA as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

192.    Denied.  The averments in this paragraph are denied since the statutory language of the CLRA speaks for itself and any interpretation thereof constitutes a conclusion of law. The remainder of the averments in paragraph 192 are denied.  By way of further response, the allegations in paragraph 192 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

193.    Denied.  By way of further response, the allegations in paragraph 193 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

194.    Denied.  By way of further response, the allegations in paragraph 194 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

195.    Denied.  By way of further response, the allegations in paragraph 195 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

196.    Denied.  By way of further response, the allegations in paragraph 196 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

197.    Denied.  By way of further response, the allegations in paragraph 197 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

198.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 187.

199.    Denied. By way of further response, the declaration attached as Exhibit B is a document in writing that speaks for itself.

200.    Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as proscribed by the CLRA.  Defendants deny the implication that Plaintiffs are entitled to such damages.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

### COUNT XIII
### VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE§17200
**(On Behalf of the California Class)**

201.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

202.    Denied.  The averments in this paragraph are denied since the statutory language of the California Unfair Competition Law, Cal. Bus. & Prof'l Code § 17200 et seq. ("CUCL") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the UTCPL as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

203.    Denied.  The averments in this paragraph are denied since the statutory language of the CUCL speaks for itself and any interpretation thereof constitutes a conclusion of law. The remainder of the averments in paragraph 203 are denied.  By way of further response, the

allegations in paragraph 203 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

204.    Denied.  By way of further response, the allegations in paragraph 204 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

205.    Denied.  The averments in this paragraph are denied since the statutory language of the CUCL speaks for itself and any interpretation thereof constitutes a conclusion of law. The remainder of the averments in paragraph 205 are denied.  By way of further response, the allegations in paragraph 205 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

206.    Denied.  The averments in this paragraph are denied since the statutory language of, Cal. Civil Code §§ 1709, 1710 and 1750 et seq. and Cal. Comm. Code § 2313 speaks for itself and any interpretation thereof constitutes a conclusion of law.

207.    Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as proscribed by the CUCL.  Defendants deny the implication that Plaintiffs are entitled to such damages.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.

## COUNT XIV
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE TRADE PRACTICES ACT, 815, ILCS 505/1, ET. SEQ.
### (On Behalf of the Illinois Subclass)

208.    Defendants incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

209.    Denied.  The averments in this paragraph are denied since the statutory language of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815, ILCS 505/1 et seq.

("ICFA") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the ICFA as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

210.    Denied.  The averments in this paragraph are denied since the statutory language of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815, ILCS 505/1 et seq. ("ICFA") speaks for itself and any interpretation thereof constitutes a conclusion of law.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the ICFA as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

211.    Denied.  By way of further response, it is denied that Plaintiffs constitute "consumers" under the ICFA as the Bitcoin Miners allegedly ordered were not meant for personal, family or household purposes.

212.    Denied.  By way of further response, the allegations in paragraph 212 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

213.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 213.

214.    Denied.  By way of further response, the allegations in paragraph 214 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

215.    Denied.  By way of further response, the allegations in paragraph 215 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

216.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 216.

217.    Denied.  By way of further response, the allegations in paragraph 217 involve purported transactions between the Plaintiffs/putative class and AMT and there is no basis to impose any liability individually on Joshua.

218.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 218.

219.    Admitted in part; denied in part. Defendants admit only that Plaintiffs seek statutory damages as proscribed by the ICFA .  Defendants deny the implication that Plaintiffs are entitled to such damages.

**WHEREFORE**, defendant Defendants demand judgment in their favor and against Plaintiffs Craig Lenell, Thomas Urbanek, Jared Pela, Timothy Christian, John Lewis, and Phillip Wiltshire, together with all interest, attorney's fees and costs of suit.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

This action is not maintainable as a class action pursuant to the Federal Rules of Civil Procedure and related jurisprudence.

**THIRD AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and any putative class member may be barred by the doctrine of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

-42-

The claims of Plaintiffs and any putative class member may be barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and any putative class member may be barred by the doctrine of impossibility of performance.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and any putative class member may be barred by the doctrine of release.

### SEVENTH AFFIRMATIVE DEFENSE

Delivery, performance and remedies regarding AMT's sale of Bitcoin Miners are governed by the terms and conditions of the AMT Terms of Sale, and all such limits, terms and conditions are incorporated herein by reference.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members cannot establish claims for the alleged breach of the statutory duties claimed in the Amended Complaint because they are not consumers as legally defined under the respective laws and acts cited therein.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members cannot establish claims for the alleged breach of the statutory duties claimed in the Amended Complaint because the Bitcoin Miners they allegedly purchased from AMT were for use in the business of bitcoin mining and are not consumer goods purchased for personal, family or household purposes as proscribed under state law.

### TENTH AFFIRMATIVE DEFENSE

14789904v.1

Plaintiffs and putative class members have no claim against Joshua because AMT is a registered corporation and a separate legal entity from Joshua and there is no basis to impose any liability individually on Joshua.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members cannot establish liability for purported breaches of warranty because Plaintiffs and putative class members claims do not assert the receipt of a nonconforming good, or the notification to AMT of such nonconforming good as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by AMT's suppliers and contractors who breached their contracts with AMT.

WHEREFORE, defendants demand judgment in their favor and against plaintiffs.


**WHITE AND WILLIAMS LLP**


BY:   /s/ Primitivo J. Cruz
        Michael N. Onufrak, Esquire
        Primitivo J. Cruz, Esquire
        Identification No(s). 43064/314415
        1650 Market Street
        One Liberty Place, Suite 1800
        Philadelphia, PA 19103-7395
        (215) 864-7174/6865
        onufrakm@whiteandwilliams.com
        cruzp@whiteandwilliams.com
        Attorneys for Defendant,


Dated:  January 12, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAIG LENELL, et al. | CIVIL ACTION |
| Plaintiffs, | 2:14-cv-01924-LDD |
| v. | |
| ADVANCED MINING TECHNOLOGY, INC., et al. | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Michael N. Onufrak, Esquire, hereby certify that I served a copy of the foregoing Answer and Affirmative Defenses of Defendants Advanced Mining Technology, Inc. and Joshua Zipkin to Plaintiff's First Amended Complaint, on all parties listed below, via electronic filing on this 12th day of January, 2015.

Kimberly Donaldson Smith, Esquire
Benjamin F. Johns, Esquire
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041
*Attorneys for Plaintiffs*

**WHITE AND WILLIAMS LLP**

BY:   */s/ Michael N. Onufrak*
Michael N. Onufrak
Primitivo J. Cruz
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
Phone: 215-864-7174
onufrakm@whiteandwilliams.com
cruzp@whiteandwilliams.com
Attorneys for Defendants

14789904v.1