IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG LENELL, et al. | CIVIL ACTION |
| Plaintiff, | 2:14-cv-01924-LDD |
| v. | |
| ADVANCED MINING TECHNOLOGY, INC., et al. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Michael N. Onufrak, Esquire, Primitivo J. Cruz, Esquire and White and Williams LLP (together, "White and Williams") hereby submit this memorandum in support of their Motion for Leave to Withdraw as Counsel for Defendant, and in support thereof state as follows:

**I.    PROCEDURAL BACKGROUND**

On April 2, 2014, plaintiffs Craig Lenell ("Lenell"), Thomas Urbanek ("Urbanek"), Jared Pela ("Pela") instituted this class action lawsuit by filing their Complaint against defendants Advanced Mining Technologies, Inc. ("AMT"), Joshua Zipkin ("Zipkin") and Jim Brown ("Brown") (collectively "Defendants"). See Compl., at ¶ 12 (April 2, 2014) [ECF No. 1]. On April 10, 2014, original service of process was made upon AMT through its registered agent in the State of Delaware where AMT is incorporated and a response to the Complaint would be due by May 1, 2014.[1] See Aff. of Service by Jonathan Sierra (April 10, 2014), [ECF No. 6]. On April

---

[1] Plaintiffs proceeded by attempting service of their Complaint on persons not authorized to accept service of legal process for Moving Defendants. On or about April 9, 2014, service of process was attempted upon Moving Defendant, Joshua Zipkin at two locations: (i) through the care of IMET Corporation, and (ii) through the care of Alan Klovan. See Aff. of Service by Jonathan Sierra (April 9, 2014), ECF No. 4; Aff. of Service by William Inglis (April 9, 2014), ECF No. 5. However, IMET Corporation and Alan Klovan are not persons authorized to accept service of legal process on behalf of any Moving Defendant.

28, 2014, White and Williams entered their appearance on behalf of Defendants for purposes of defending the purported class action claims alleged by Plaintiffs.

On July 2, 2014, Plaintiffs' filed their First Amended Complaint in response to the Motion to Dismiss filed by Defendants on June 16, 2014. See Pl. First Am. Compl. (July 2, 2014) [ECF No. 17]. The First Amended Complaint also added Timothy Christian ("Christian"), John Lewis ("Lewis") and Philip Wiltshire ("Wiltshire") as additional plaintiffs. See id. at ¶ 12, 25-38. On July 17, 2014, Defendants' filed a motion to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules Of Civil Procedure. On December 12, 2014, the Court entered an Order [ECF No. 29] denying Defendants' Motion to Dismiss on subject matter jurisdiction grounds. Pursuant to the parties' stipulation [ECF No. 31], Defendants filed an Answer to Plaintiffs' First Amended Complaint on January 12, 2015.

As of the filing of this motion, the parties have not yet conferred with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, or Rule 23.1 of the Local Rules, and no pre-trial or discovery deadlines are presently pending in this matter.

**II.  ARGUMENT**

The Court should grant White and Williams leave to withdraw as counsel for Defendants because the grounds in support of counsel's request are in accord with the Pennsylvania Rules of Professional Conduct and the Court's grant of this motion would be consistent local procedure and Third Circuit precedent. Under this District's Local Rules of Civil Procedure an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." Local R. Civ P. 5.1(c). When adjudicating an attorney's motion to withdraw, district courts should consider: "(i) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm

withdrawal might cause to the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case." AlfaModess Logistics, LLC v. Catalent Pharma Solutions, LLC, No. CIV.A. 09-3543, 2013 WL 1795459, at *2 (E.D. Pa. Apr. 29, 2013) (slip op.).

White and Williams seeks leave to withdraw as counsel because Defendants have not paid their outstanding legal fees and expenses in the above-captioned matter, as well as in other matters for which White and Williams represents Defendants, and have indicated their intent not to pay any future fees or expenses. Under the Pennsylvania Rules of Professional Conduct, this constitutes sufficient grounds for this Court to grant White and Williams leave to withdraw. See Pa. R. P. C. 1.16(b)(5), (6). The Pennsylvania Rules of Professional Conduct permit a lawyer to withdraw his or her representation of a client if the client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services" or "the representation will result in an unreasonable financial burden on the lawyer." See Pa. R. P. C. 1.16(b)(5) & (6).

White and Williams agreed to represent Defendants in this litigation in consideration for being paid the standard hourly rates of its attorneys and paralegals and being reimbursed for all out-of-pocket expenses. Defendants have failed to pay these fees and expenses, stated that they are insolvent and considering bankruptcy proceedings and indicated that they do not intend to pay White and Williams for future services performed in representing Defendants' interests in this matter. In failing to pay these fees and expenses and indicating their intention not to pay White and Williams for any future services and expenses, Defendants have substantially failed to fulfill their obligation to White and Williams. See Pa. R. P. C. 1.16(b)(5). If White and Williams is forced to continue to represent Defendants in this matter, the representation will result in an unreasonable financial burden being imposed on White and Williams. See Pa. R. P. C. 1.16(b)(6).

White and Williams' withdrawal as counsel for Defendants can be accomplished without material adverse effect on Defendants' interests. See Pa. R. P. C. 1.16(b)(1). White and Williams provided Defendants reasonable notice that they would seek leave to withdraw as defense counsel in this action if their outstanding legal fees remained unpaid. See Pa. R. P. C. 1.16(d). Should the Court grant movants leave to withdraw, White and Williams requests that the Court permit Defendants thirty (30) days to retain new counsel to represent them in defense of the above-captioned lawsuit.

Further, granting White and Williams' motion will not prejudice any of the parties, interfere with the administration of justice or delay this action. See, e.g., Erie Molded Plastics, Inc. v. Nogah, LLC, 520 Fed. App'x 82, 85 (3d Cir. 2013) (reversing the district court's denial of motion for leave to withdraw as corporation's counsel where defendant could not pay $5,000.00 in incurred legal fees or future legal fees and finding no prejudice to plaintiff or delay in administration of justice where withdrawal permitted before substitute defense counsel was retained). Defendants timely filed their Answer to Plaintiffs' First Amended Complaint on January 12, 2014. At present, the parties have not yet conferred pursuant to Rule 26(f). Moreover, the Court has yet to schedule a conference or issue an order pursuant to Rule 16 of the Federal Rules of Civil Procedure or Rule 23.1 of the Local Rules of Civil Procedure, and there are no pre-trial or discovery deadlines presently pending in this matter. See, e.g., Erie Molded Plastics, Inc., 520 Fed. App'x at 83 (3d Cir. 2013) (acknowledging the propriety of permitting defense counsel to withdraw where the parties had only conferred pursuant to Rule 26(f) and exchanged Rule 26(a) initial disclosures).

In consideration of the reasons stated above in support of withdrawal and the procedural posture of the case, the Court should grant the relief sought by this motion and permit White and Williams leave to withdrawal as Defendants counsel.

### III.   CONCLUSION

For the foregoing reasons, Michael N. Onufrak, Esquire, Primitivo J. Cruz, Esquire and White and Williams LLP respectfully request leave of the Court to withdraw as counsel for Advanced Mining Technologies, Inc. Joshua Zipkin and Jim Brown and permit Defendants thirty (30) days to retain new counsel to represent them in the above-captioned litigation.

WHITE AND WILLIAMS LLP

BY:   s/Primitivo J. Cruz
Michael N. Onufrak
Primitivo J. Cruz
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA  19103-7395
Phone: 215.864.7174/6865
Attorneys for Defendants

Dated: January 12, 2015