IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG LENELL, THOMAS URBANEK, JARED PELA, TIMOTHY CHRISTIAN, JOHN LEWIS, and PHILLIP WILTSHIRE on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ADVANCED MINING TECHNOLOGY, INC. (a/k/a ADVANCED MINING TECHNOLOGIES, INC.); JOSHUA ZIPKIN; and JIM BROWN,<br><br>        Defendants. | Civil Action No. 2:14-cv-01924-LDD<br><br><u>CLASS ACTION</u><br><br><u>JURY TRIAL DEMANDED</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW AS
COUNSEL FOR DEFENDANTS**

                             Kimberly Donaldson Smith
                             Benjamin F. Johns
                             Joseph B. Kenney
                             CHIMICLES & TIKELLIS LLP
                             One Haverford Centre
                             361 West Lancaster Avenue
                             Haverford, PA 19041
                             Telephone: (610) 642-8500
                             Facsimile: (610) 649-3633
                             E-mail:  KMD@chimicles.com
                             BFJ@chimicles.com
                             JBK@chimicles.com

                             *Attorneys for Plaintiffs*

I.        INTRODUCTION

As the Court is aware, this is a putative class action lawsuit brought by six Plaintiffs who seek to represent consumers from across the country who were allegedly defrauded by Defendant Joshua Zipkin ("Zipkin") and his company, Defendant Advanced Mining Technology, Inc. ("AMT"), into paying substantial amounts for bitcoin miners almost all of which were never manufactured nor delivered to the paying customers. Both defendants are represented by attorneys at White & Williams LLP ("W&W"). *See* Docket Entry Nos. 7-8.  As the Court is also aware, Defendants filed a motion to dismiss Plaintiffs' Amended Complaint, which was denied on December 10, 2014.  *Lenell v. Advanced Mining Tech., Inc.,* No., 14-cv-01924, 2014 U.S. Dist. LEXIS 172052 (E.D. Pa. Dec. 10, 2014).  Defendants' motion to dismiss argued that this Court lacked subject matter jurisdiction; it did not challenge the substantive merits of Plaintiffs' case. On January 12, 2015 – after seeking and obtaining an extension – Defendants then filed an Answer to Plaintiffs' First Amended Complaint.[1] *See* Docket Entry No. 32.  That same day, Defendants' counsel filed a Motion Seeking Leave to Withdraw as Counsel of Record for Defendants. *Id.* at No. 33 ("Def. Mem.").

W&W's motion asks the Court for permission to withdraw as counsel of record for the sole reason that "Defendants have not paid their outstanding legal fees and expenses;" have indicated their intent not to do so; and are "insolvent and considering bankruptcy proceedings." Def. Mem. at 3. If W&W were "force[d]" to continue to

---

[1] Among other things, the Answer revealed that one of the named Defendants – Jim Brown – is actually "pseudonym" used by Defendants. *See* Answer at ¶ 43.

represent Defendants, the brief contends, it would impose "an unreasonable financial burden" on the firm. *Id.* W&W further requests that the Court afford Defendants 30 days "to retain new counsel." *Id.* at 4. No other firm or attorney has entered an appearance on behalf of Defendants in this case.

## II.     ARGUMENT

W&W correctly notes that its motion is governed by Local Civil Rule 5.1(c), which provides that

> An attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party.[2]

This Court's recent opinion interpreting this Rule in *In re DVI Sec. Litig.* is instructive. No. 03-5336, 2014 U.S. Dist. LEXIS 152012 (E.D. Pa. Oct. 24, 2014). In that case, the Dilworth Paxson LLP law firm filed an unopposed motion to withdraw as counsel of record for one of the defendants. *Id.* at *5. Dilworth's request to withdraw asserted that its continued representation of the defendant "no longer serves any meaningful purpose" and, like W&W does here, pointed out that the client "is unable to pay for past or future legal services." *Id.* In denying Dilworth's motion in that case, the Court explained that the Third Circuit has interpreted the rule as follows:

---

[2] W&W also contends that it is ethically permitted by Pa. R. C. 1.16(b)(5) & (6) to withdraw from representing Defendants under these circumstances. While Plaintiffs take no position on that point, this is an entirely separate issue from whether they have met their burden for being permitted to withdraw under this Court's Local Rules. Indeed, Pa. R. C. 1.16(c) recognizes as much: "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

> a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, **particularly insofar as an opposing interest is concerned**.

*Id.* at \*6 (quoting *Ohntrup v. Makina ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 294-95 n.2 (3d Cir. 2014)) (emphasis supplied). This Court also observed that the law firm seeking leave to withdraw bears the burden of persuasion, and the motion is committed to the Court's discretion. *See id.*

The Court in *DVI* went on to discuss Judge Nygaard's dissenting opinion in *Buschmeier v. G&G Invs., Inc.*, which explained that

> attorneys — as officers of the court representing parties — are not free to simply abandon their obligation to either or both, because they have not been paid as much as they think they deserve.…**The district court's interests must be considered as well**: Meaningful purpose [justifying a withdrawal of counsel] has broad implications, **including the District Court's substantial interest in the administration of justice, in the efficient management of its schedule and docket, and the need to insure progress, not just in this case, but in all cases assigned to it**.

*In re DVI Sec. Litig.*, 2014 U.S. Dist. LEXIS 152012, at \*7 (E.D. Pa. Oct. 24, 2014) (quoting 222 Fed. App'x 160, 166 (3d Cir. 2007) (Nygaard, J., dissenting)) (internal citations omitted).[3] Accordingly, it is not only the interests of the lawyer seeking withdraw that are to be considered in a Rule 5.1(c) analysis, but those of the opposing counsel and the tribunal are pertinent as well.

---

[3] This Court's opinion in *DVI* is also instructive in that it distinguished *Erie Molded Practices, Inc. v. Nogah LLC,* 520 Fed. App'x 82, 85 (3d Cir. 2013) – a case relied on by W&W here – on the grounds that *Nogah* was a "relatively simple breach-of-warranty action." *In re DVI Sec. Litig.*, 2014 U.S. Dist. LEXIS 152012, at \*8. Here, "complex issues" are presented in this multi-party class action lawsuit.

Here, such considerations must be taken into account and weighed against the relief sought by W&W's motion. W&W's motion states that "[a]t present, the parties have not yet conferred pursuant to Rule 26(f)." Def. Mem. at 4. It further claims that there are no "discovery deadlines presently pending in this matter" and, therefore, granting the motion would "not prejudice any of the parties" or "interfere with the administration of justice." *Id.* Those statements are incomplete.

Plaintiffs' counsel sought to schedule a Rule 26(f) conference via e-mails sent on September 4, 2014. *See* Exhibits A & B to the Declaration of Benjamin F. Johns ("Johns Decl."). These e-mails state the legal grounds on which Plaintiffs believed they were entitled to discovery, listed a number of categories about which Plaintiffs intended to seek discovery, and concluded by asking whether the W&W attorneys "would like to have a call to discuss these issues tomorrow, or if we should just go ahead and serve our requests." *Id.*

W&W responded in a letter dated September 4, 2014, which is attached as Exhibit C to the Johns Decl. This letter states W&W's belief that it would not be "productive to schedule a conference pursuant to Rule 26(f) to discuss discovery," but acknowledged that Plaintiffs were entitled to discovery on the then-pending issues related to the Court's subject matter jurisdiction. *Id.* On that same day, W&W sent an e-mail which simply stated "[w]ithout waiving any objections, go ahead and serve your requests." *See* Exhibit A to Johns Decl. Later that same day, Plaintiffs served sets of 10 interrogatories and 16 requests for the production of documents on September 5, 2014. *See* Exhibits D & E to Johns Decl.

W&W served Defendants' responses and objections to these discovery requests on October 9, 2014. *See* Exhibit F to Johns Decl. Significantly, one of the objections W&W raised to nearly all of Plaintiffs' discovery requests was that discovery was limited to the then-pending issue of whether the $5 million threshold for this Court's subject matter jurisdiction was met. Plaintiffs communicated their position that this limitation was without merit in a letter dated October 24. *See* Exhibit G to Johns Decl. And shortly after the Court denied Defendants' motion to dismiss, Plaintiffs' counsel reiterated this position in an e-mail, and asked W&W to confirm that it was no longer withholding any requested discovery on this basis. *See* Exhibits H & G to Johns Decl.

Moreover, while AMT has produced 673 pages of documents in discovery to date, Plaintiffs' position – which has also been communicated to W&W – is that Defendants still have discovery requests that are outstanding.[4]  Under these circumstances, it would be highly prejudicial to both Plaintiffs and their counsel to permit W&W to withdraw at this juncture.

In addition, allowing W&W to withdraw has the potential to interfere with the Court's interest in the efficient management and administration of this case and the Plaintiffs' claims.  W&W's brief contends that this is a non-factor because "the parties have not yet conferred with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure." Def. Mem. at 2. As noted above, Defendants filed the Answer to the Complaint on January 12, and, pursuant to Your Honor's Policies and Procedures, the

---

[4] In addition to these discovery requests that have already been served, Plaintiffs anticipate noticing a deposition for Mr. Zipkin and serving additional discovery requests soon.

initial Rule 16 conference will occur within thirty days of the filing of the answer. Further, these Policies provide that the parties are expected to prepare and submit a completed Scheduling Information Report three days before the conference. W&W does not address how the Rule 16 Conference – and the related obligations attendant to it – will be handled for Defendants without impairing the efficient management of the case, as well as the prosecution of Plaintiffs' claims. *See In re DVI Sec. Litig.*, 2014 U.S. Dist. LEXIS 152012, at *8 (noting that the "potential consequences" of Dilworth's withdrawal "are uncertain").

Finally, Plaintiffs have reason to believe that Mr. Zipkin may no longer be residing in the United States. The withdrawal of W&W under such circumstances would, therefore, be prejudicial to Plaintiffs. *See Ohntrup*, 760 F.3d at 295 (affirming the district court's the initial denial of attorney withdrawal was affirmed "because there was a chance that the Firm's presence would facilitate communication between the parties").

### III.   CONCLUSION

While Plaintiffs' counsel are not insensitive to W&W's apparent position, the inquiry under Local Rule 5.1 is not simply whether W&W is able to collect on its legal bills. The Rule requires consideration of factors such as the prejudice, inconvenience and disruption it will cause to opposing counsel and to the Court. When considered, these factors do not support granting W&W's motion at this time. *See In re DVI Sec. Litig.*, 2014 U.S. Dist. LEXIS 152012, at *9 (denying Dilworth's withdrawal motion until the client can "arrange[] for representation by other counsel."). Specifically, Plaintiffs

respectfully request that W&W's motion be denied without prejudice to be renewed at a later time when, at a minimum, all of the following has occurred: (a) another attorney has entered an appearance on behalf of Defendants, (b) the parties complete their Rule 16 conference with the Court and submit the required filings related thereto, and (c) Defendants respond to all outstanding discovery, and (d) Plaintiffs be permitted to arrange for and take the deposition of Mr. Zipkin.

Dated:  September 19, 2014               Respectfully submitted,

                                                 By:     */s/ Kimberly Donaldson Smith*
                                                          Kimberly Donaldson Smith
                                                          Benjamin F. Johns
                                                          Joseph B. Kenney
                                                          CHIMICLES & TIKELLIS LLP
                                                          One Haverford Centre
                                                          361 West Lancaster Avenue
                                                          Haverford, PA 19041
                                                          Telephone: (610) 642-8500
                                                          Facsimile: (610) 649-3633
                                                          E-mail:  KMD@chimicles.com
                                                          BFJ@chimicles.com
                                                          JBK@chimicles.com

                                                          ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, Benjamin F. Johns, certify that I caused the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS** and exhibits thereto to be filed on this 26th day of January 2015 using the Court's CM/ECF system, thereby causing it to be served upon all counsel of record in this case.

By: _____

Benjamin F. Johns